FILED
2017 Jun-13 PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RAYSHUN WALKER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.:** _____ |
| **v.** ) | |
| ) | |
| **FEDERAL EXPRESS CORPORATION** ) | **NOTICE OF REMOVAL** |
| ) | |
| **Defendant.** ) | |
| ) | |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ALABAMA, AND TO PLAINTIFF:

PLEASE TAKE NOTICE that Defendant Federal Express Corporation ("FedEx") files this Notice of Removal under 28 U.S.C. §§ 1441, 1446, and 1331 to effect removal of this matter which was commenced in the Circuit Court of Jefferson County, Alabama, under Case No.: CV-2017-000041. Removal is proper for the following reasons:

1. On May 3, 2017, the Plaintiff filed this action in the Circuit Court of Jefferson County, Alabama, under Case No.: CV-2017-000041. FedEx's records indicate that its agent, CT Corporation System, received service of this action on May 16, 2017, and thirty days since such receipt has not yet expired. Accordingly, this Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

2. Plaintiff's Notice of Claim asserts claims against FedEx for (1) breach of contract, (2) sale of goods/service, (3) violation of the Business Practices and Consumer Protection Act, and (4) negligence. Plaintiff's claims arise from FedEx's alleged failure to deliver a laptop computer to Plaintiff. (*See* State Court File, attached hereto as Exhibit A.)

3. The United States District Courts have original jurisdiction over this action by reason and way of federal question jurisdiction, 28 U.S.C. § 1331.

29876854 v1

4.       The claims asserted by the Plaintiff in its Notice of Claim and the liability of FedEx, if any at all, are governed by principles of federal common law applicable to shipments made in interstate commerce by a federally certificated air carrier such as FedEx. *See Nippon Fire & Marine Ins. Co., Ltd. v. Skyway Freight Sys., Inc.,* 235 F.3d 53, 59 (2d Cir. 2000) (holding that federal common law controls the issue of liability of air carriers for lost or damaged shipments such that federal jurisdiction is proper under 28 U.S.C. § 1331, which "support[s] claims founded upon federal common law as well as statutory origin") (*citing Read-Rite Corp. v. Burlington Air Express, Ltd.*,186 F.3d 1190 (9th Cir. 1999)). As such, this Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, and this civil action may be removed pursuant to 28 U.S.C. § 1441(b). *See Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1309 (11th Cir. 2001) (noting that, for removal jurisdiction to exist based on a federal question, "the federal question need not be statutory; federal common law will suffice"); *Nippon*, 235 F. 3d at 59 (citing *Sam L. Majors Jewelers v. ABX, Inc.,* 117 F.3d 922 (5th Cir. 1997)); *Blanco v. Fed. Express Corp.*, No. Civ-16-561-C, 2016 WL 4921437, at *3 (W.D. Okla. Sept. 15, 2016) (holding that removal of negligent investigation and conversion claims against FedEx arising from theft of shipped package was proper because causes of action against carriers for lost, damaged, or stolen items are governed by federal common law and denying motion to remand); *Varga v. United Airlines*, No. 09-2278, 2009 U.S.

Dist. LEXIS 64000, at *12 (N.D. Cal. July 24, 2009) (denying motion to remand action against air carrier because "plaintiff's claims stemming from the loss of her belongings shipped by interstate air carrier are inherently federal. . . .")

5. The Defendant may, under section 1441 of the Judicial Code, 28 U.S.C. § 1441, remove this action to this Court because this is a civil action of which the district courts of the United States have original jurisdiction that is brought in a state court.

6. Attached hereto as Exhibit "A," is a true and correct copy of the Notice of Claim filed in this action in the Circuit Court of Jefferson County, Alabama, under Case No.: CV-2017-41. There are no other process, pleadings, or orders served upon FedEx to date in this case.

7. A Notice of Filing of this Notice of Removal is being concurrently filed with the Circuit Court of Jefferson County, Alabama.

8. The Circuit Court of Jefferson County, Alabama is a state court within this judicial district and division.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense

available under Alabama law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

**WHEREFORE**, FedEx prays that this civil action be removed to this Court from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division.

Dated: This the 13th day of June, 2017.

Respectfully Submitted,

*/s/ Rachel R. Friedman*
Reid S. Manley (MAN039)
Rachel Friedman (FRI045)

**BURR & FORMAN LLP**
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com
rfriedman@burr.com

*Attorneys for Federal Express Corporation*

## **CERTIFICATE OF SERVICE**

I, do hereby certify, that a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF system and sent via FedEx Express, this the 13th day of June, 2017, to:

>Rayshun Walker
>205 20th Street N.
>Suite 521
>Birmingham, AL 35203

>*/s/ Rachel R. Friedman*
>OF COUNSEL